# IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

TIMOTHY LOWRY and
BEVERLY LOWRY, his wife,

               Plaintiffs,

      v.

TOTER, INC. and WASTEQUIP, LLC

               Defendants.

CIVIL DIVISION

No: GD-18-8172

Type of Pleading:
**PRAECIPE FOR WRIT
OF SUMMONS**

Filed on behalf of:
Timothy Lowry and
Beverly Lowry, his wife,
Plaintiffs

Counsel of Record for this Party:
Carl R. Schiffman, Esq.
Pa I.D. # 23626

SCHIFFMAN FIRM, LLC
1300 Fifth Avenue
Pittsburgh, PA 15219

Ph: 412/288-9444
Fx: 412/288-9455

carl@schiffmanfirm.com

2018 JUN 26 AM 9:11

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| TIMOTHY LOWRY and | : | CIVIL DIVISION |
| BEVERLY LOWRY, his wife, | : | |
| | : | No: |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| TOTER, INC. and WASTEQUIP, LLC | : | |
| | : | |
| Defendants. | : | |

### PRAECIPE FOR WRIT OF SUMMONS

TO:  Prothonotary

Please issue a Writ of Summons for the above captioned Defendants.

Respectfully submitted,

SCHIFFMAN FIRM, LLC

Carl R. Schiffman, Esq.
Counsel for Plaintiffs

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Submitted by: Plaintiff

Signature: *[signature]*

Name: Carl R. Schiffman

Attorney No. (if applicable): 23626

Rev. 12/2017

# Supreme Court of Pennsylvania
## Court of Common Pleas
### Civil Cover Sheet

*Allegheny* _____ County



| For Prothonotary Use Only: | |
|---|---|
| Docket No: | TIME STAMP |

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

**SECTION A**

**Commencement of Action:**
- ☐ Complaint
- ☒ Writ of Summons
- ☐ Petition
- ☐ Transfer from Another Jurisdiction
- ☐ Declaration of Taking

| Lead Plaintiff's Name: <br> Timothy Lowry and Beverly Lowry, his wife | Lead Defendant's Name: <br> Toter, Inc. and Wastequip, LLC |
|---|---|
| **Are money damages requested?** ☒ Yes ☐ No | Dollar Amount Requested: <br> (check one)    ☐ within arbitration limits <br> ☒ outside arbitration limits |
| **Is this a *Class Action Suit*?** ☐ Yes ☒ No | **Is this an *MDJ Appeal*?** ☐ Yes ☒ No |

Name of Plaintiff/Appellant's Attorney: Carl R. Schiffman, Esq.

☐ **Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)**

**SECTION B**

**Nature of the Case:** Place an "X" to the left of the **ONE** case category that most accurately describes your ***PRIMARY CASE.*** If you are making more than one type of claim, check the one that you consider most important.

**TORT** *(do not include Mass Tort)*
- ☐ Intentional
- ☐ Malicious Prosecution
- ☐ Motor Vehicle
- ☐ Nuisance
- ☐ Premises Liability
- ☒ Product Liability *(does not include mass tort)*
- ☐ Slander/Libel/ Defamation
- ☐ Other: _____

**MASS TORT**
- ☐ Asbestos
- ☐ Tobacco
- ☐ Toxic Tort - DES
- ☐ Toxic Tort - Implant
- ☐ Toxic Waste
- ☐ Other: _____

**PROFESSIONAL LIABLITY**
- ☐ Dental
- ☐ Legal
- ☐ Medical
- ☐ Other Professional: _____

**CONTRACT** *(do not include Judgments)*
- ☐ Buyer Plaintiff
- ☐ Debt Collection: Credit Card
- ☐ Debt Collection: Other

- ☐ Employment Dispute: Discrimination
- ☐ Employment Dispute: Other

- ☐ Other: _____

**REAL PROPERTY**
- ☐ Ejectment
- ☐ Eminent Domain/Condemnation
- ☐ Ground Rent
- ☐ Landlord/Tenant Dispute
- ☐ Mortgage Foreclosure: Residential
- ☐ Mortgage Foreclosure: Commercial
- ☐ Partition
- ☐ Quiet Title
- ☐ Other: _____

**CIVIL APPEALS**
Administrative Agencies
- ☐ Board of Assessment
- ☐ Board of Elections
- ☐ Dept. of Transportation
- ☐ Statutory Appeal: Other

- ☐ Zoning Board
- ☐ Other: _____

**MISCELLANEOUS**
- ☐ Common Law/Statutory Arbitration
- ☐ Declaratory Judgment
- ☐ Mandamus
- ☐ Non-Domestic Relations Restraining Order
- ☐ Quo Warranto
- ☐ Replevin
- ☐ Other: _____

*Updated 1/1/2011*

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

TIMOTHY LOWRY and
BEVERLY LOWRY, his wife,

     Plaintiffs,

  v.

TOTER, INC. and WASTEQUIP, LLC

     Defendants.

: CIVIL DIVISION
:
: No: GD 18-008172
:
:
:
: Type of Pleading:
: **AFFIDAVIT OF SERVICE**
: **OF WRIT OF SUMMONS TO**
: **TOTER, INC.**
:
:
: Filed on behalf of:
: Timothy Lowry and
: Beverly Lowry, his wife,
: Plaintiffs
:
:
: Counsel of Record for this Party:
: Carl R. Schiffman, Esq.
: Pa I.D. # 23626
:
: SCHIFFMAN FIRM, LLC
: 1300 Fifth Avenue
: Pittsburgh, PA 15219
:
: Ph: 412/288-9444
: Fx: 412/288-9455
:
: carl@schiffmanfirm.com

FILED

18 JUL 24 AM 10: 43

DEPT OF COURT RECORDS
CIVIL/ DIVISION
ALLEGHENY CNTY PA

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

|  |  |  |
|---|---|---|
| TIMOTHY LOWRY and | : | CIVIL DIVISION |
| BEVERLY LOWRY, his wife, | : | |
| Plaintiffs, | : | No: GD 18-008172 |
| | : | |
| v. | : | |
| | : | |
| TOTER, INC. and WASTEQUIP, LLC | : | |
| Defendants. | : | |

### AFFIDAVIT OF SERVICE

I, the undersigned, Carl R. Schiffman, Esquire, hereby certified that a Writ of Summons and Interrogatories in Aid of Preparing a Complaint were mailed to the Defendant, Toter, Inc. at its address: 841 Meacham Road, Statesville, NC 28677 via U.S. Mail, first class, postage prepaid, certified mail/return receipt.  The mailing was delivered on June 29, 2018.  A copy of the return receipt is attached hereto, made a part hereof and marked as Exhibit "A".

Respectfully submitted,

Schiffman Firm, LLC

Carl R. Schiffman, Esq.
Counsel for Plaintiffs

SWORN TO and subscribed to
this 24 day of July, 2018
before me a Notary Public.

Rochelle Ricchiuto

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
Rochelle Ricchiuto, Notary Public
City of Pittsburgh, Allegheny County
My Commission Expires Feb. 17, 2019
MEMBER, PENNSYLVANIA ASSOCIATION OF NOTARIES

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Submitted by: Plaintiff

Signature: *Carl R. Schiffman*

Name: Carl R. Schiffman

Attorney No. (if applicable): 23626

Rev. 12/2017

7/10/2018                                          USPS.com® - USPS Tracking® Results

# USPS Tracking®

FAQs › (http://faq.usps.com/?articleId=220900)

*Toter, Inc.*

**Track Another Package +**

**Tracking Number:** 70170660000087315009                    Remove ✕

**Expected Delivery on**

# FRIDAY
# 29 JUNE 2018 ⓘ

by
**8:00pm** ⓘ

## ☑ Delivered

June 29, 2018 at 10:35 am
Delivered, Front Desk/Reception
STATESVILLE, NC 28677

Get Updates ∨

U.S. Postal Service
CERTIFIED MAIL® RECEIPT
Domestic Mail Only

For delivery information, visit our website at www.usps.com®

OFFICIAL USE

Certified Mail Fee
$
Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)        $
☐ Return Receipt (electronic)      $            Postmark
☐ Certified Mail Restricted Delivery $           Here
☐ Adult Signature Required         $
☐ Adult Signature Restricted Delivery $
Postage
$
Total Postage and Fees        $ 6.88
$
Sent To *Toter   Inc.*
Street and Apt. No., or PO Box No. *841 Measham Road*
City, State, ZIP+4® *Statesville  NC  28677*

PS Form 3800, April 2015  PSN 7530-02-000-9047  See Reverse for Instructions

---

Text & Email Updates                                          ∨

Tracking History                                              ∧

**June 29, 2018, 10:35 am**
Delivered, Front Desk/Reception
STATESVILLE, NC 28677
Your item was delivered to the front desk or reception area at 10:35 am on June 29, 2018 in STATESVILLE, NC
28677.

**June 29, 2018, 8:08 am**
Out for Delivery
STATESVILLE, NC 28677

**June 29, 2018, 7:58 am**
Sorting Complete
STATESVILLE, NC 28677

EXHIBIT
A

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| TIMOTHY LOWRY and | : | CIVIL DIVISION |
| BEVERLY LOWRY, his wife, | : | |
| | : | No: GD 18-008172 |
| Plaintiffs, | : | |
| | : | |
| | : | |
| v. | : | Type of Pleading: |
| | : | **AFFIDAVIT OF SERVICE** |
| TOTER, INC. and WASTEQUIP, LLC | : | **OF WRIT OF SUMMONS TO** |
| | : | **WASATEQUIP, LLC** |
| Defendants. | : | |
| | : | |
| | : | Filed on behalf of: |
| | : | Timothy Lowry and |
| | : | Beverly Lowry, his wife, |
| | : | Plaintiffs |
| | : | |
| | : | |
| | : | Counsel of Record for this Party: |
| | : | Carl R. Schiffman, Esq. |
| | : | Pa I.D. # 23626 |
| | : | |
| | : | SCHIFFMAN FIRM, LLC |
| | : | 1300 Fifth Avenue |
| | : | Pittsburgh, PA 15219 |
| | : | |
| | : | Ph: 412/288-9444 |
| | : | Fx: 412/288-9455 |
| | : | |
| | : | carl@schiffmanfirm.com |

FILED

18 JUL 24 AM 10: 42

DEPT OF COURT RECORDS
CIVIL/FAMILY DIVISION
ALLEGHENY COUNTY PA

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| TIMOTHY LOWRY and | : | CIVIL DIVISION |
| BEVERLY LOWRY, his wife, | : | |
| | : | No: GD 18-008172 |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| TOTER, INC. and WASTEQUIP, LLC | : | |
| | : | |
| Defendants. | : | |

**AFFIDAVIT OF SERVICE**

I, the undersigned, Carl R. Schiffman, Esquire, hereby certified that a Writ of Summons and Interrogatories in Aid of Preparing a Complaint were mailed to the Defendant, Wastequip, LLC at its address: 6525 Morrison Blvd., Suite 300, Charlotte, NC 28211 via U.S. Mail, first class, postage prepaid, certified mail/return receipt. The mailing was delivered on June 28, 2018. A copy of the return receipt is attached hereto, made a part hereof and marked as Exhibit "A".

Respectfully submitted,

Schiffman Firm, LLC

Carl R. Schiffman, Esq.
Counsel for Plaintiffs

SWORN TO and subscribed to
this 24 day of July, 2018
before me a Notary Public.

_Rochelle Ricchuto_

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
Rochelle Ricchiuto, Notary Public
City of Pittsburgh, Allegheny County
My Commission Expires Feb. 17, 2019
MEMBER, PENNSYLVANIA ASSOCIATION OF NOTARIES

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Submitted by: Plaintiff

Signature: _Carl R. Schiffman_

Name: Carl R. Schiffman

Attorney No. (if applicable): 23626

Rev. 12/2017

7/10/2018                                    USPS.com® - USPS Tracking® Results

# USPS Tracking®

FAQs > (http://faq.usps.com/?articleId=220900)

*Wastequip, LLC*

Track Another Package +

**Tracking Number:** 70170660000087314996                    Remove ✕

**Expected Delivery on**

**THURSDAY**

**28** JUNE   by
2018 ⓘ   **8:00pm** ⓘ

⊘ **Delivered**

June 28, 2018 at 3:58 pm
Delivered, Left with Individual
CHARLOTTE, NC 28211



U.S. Postal Service
CERTIFIED MAIL RECEIPT
Domestic Mail Only

For delivery information, visit our website at www.usps.com®

OFFICIAL USE

Total Postage and Fees  $ 6.88

Sent To  Wastequip LLC
Street and Apt. No., or PO Box No.  1635 Morrison Blvd, Ste 300
City, State, ZIP+4  Charlotte, NC 28211

PS Form 3800, April 2015   See Reverse for Instructions

---

Text & Email Updates                                                    ⌄

---

Tracking History                                                        ⌃

June 28, 2018, 3:58 pm
Delivered, Left with Individual
CHARLOTTE, NC 28211
Your item was delivered to an individual at the address at 3:58 pm on June 28, 2018 in CHARLOTTE, NC 28211.

June 28, 2018, 7:55 am
Out for Delivery
CHARLOTTE, NC 28211

June 28, 2018, 7:45 am
Sorting Complete
CHARLOTTE, NC 28211



EXHIBIT
A



IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

TIMOTHY LOWRY and
BEVERLY LOWRY, his wife,

        Plaintiffs,

    v.

TOTER, INC. and WASTEQUIP, LLC,

        Defendants

CIVIL DIVISION

No: G.D. 18 -008172

Type of Pleading:

**PRAECIPE FOR APPEARANCE**

Filed on behalf of Defendants:
Toter, Inc. and Wastequip, LLC

Counsel of Record for these Defendants:

Joseph S.D. Christof, II, Esquire
PA ID No. 19699
jchristof@dmclaw.com

Brett W. Farrar, Esquire
PA ID No. 79217
bfarrar@dmclaw.com

Paul A. Roman, Jr., Esquire
PA I.D. No. 318855
proman@dmclaw.com

Dickie, McCamey & Chilcote, P.C.
Firm No. 067

Two PPG Place, Suite 400
Pittsburgh, PA 15222-5402
Telephone: 412-281-7272

FILED

18 JUL 24  PM 1: 53

DEPT OF COURT RECORDS
CIVIL/FAMILY DIVISION
ALLEGHENY COUNTY PA

7460810.1

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

TIMOTHY LOWRY and                            CIVIL DIVISION
BEVERLY LOWRY, his wife,
                                             No: G.D. 18 -008172

       Plaintiffs,

       v.

TOTER, INC. and WASTEQUIP, LLC,

       Defendants

## PRAECIPE FOR APPEARANCE

TO:   DEPARTMENT OF COURT RECORDS

    Kindly enter the appearance of Joseph S. D. Christof, II, Esquire, Brett W. Farrar,

Esquire, Paul A. Roman, Jr., Esquire, and the law firm of Dickie, McCamey & Chilcote, P.C. as

counsel for Defendants, Toter, Inc. and Wastequip, LLC, in the above-captioned action.

               DICKIE, McCAMEY & CHILCOTE, P.C.

               By _____
                  Joseph S.D. Christof, II, Esquire
                  Brett W. Farrar, Esquire
                  Paul A. Roman, Jr., Esquire

               Two PPG Place, Suite 400
               Pittsburgh, PA  15222
               (412) 281-7272

               Attorneys for Defendants,
               Toter, Inc. and Wastequip, LLC

7460810.1

**CERTIFICATE OF COMPLIANCE**

I certify that this filing complies with the provisions of the *Case Records Public Access Policy of the Unified Judicial System of Pennsylvania* that require filing confidential information and documents differently than non-confidential information and documents.

Submitted by: Joseph S. D. Christof, II

Signature:

Name: Joseph S. D. Christof, II

Attorney No.:                19699

7460810:1

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

TIMOTHY LOWRY and
BEVERLY LOWRY, his wife,

        Plaintiffs,

        v.

TOTER, INC. and WASTEQUIP, LLC,

        Defendants

CIVIL DIVISION

No: G.D. 18 -008172

Type of Pleading:

**MOTION FOR PROTECTIVE ORDER
RELATING TO INTERROGATORIES IN
AID OF PREPARING A COMPLAINT**

Filed on behalf of Defendants:
Toter, Inc. and Wastequip, LLC

Counsel of Record for these Defendants:

Joseph S.D. Christof, II, Esquire
PA ID No. 19699
jchristof@dmclaw.com

Brett W. Farrar, Esquire
PA ID No. 79217
bfarrar@dmclaw.com

Paul A. Roman, Jr., Esquire
PA I.D. No. 318855
proman@dmclaw.com

Dickie, McCamey & Chilcote, P.C.
Firm No. 067
Two PPG Place, Suite 400
Pittsburgh, PA 15222-5402
Telephone: 412-281-7272

FILED
18 JUL 24 PM 1: 53

7451226.1

**NOTICE OF PRESENTATION**

TO:     Carl R. Schiffman, Esquire
        Schiffman Firm, LLC
        1300 Fifth Avenue
        Pittsburgh, PA  15219


Kindly take notice that the within Motion to will be presented before the Honorable

Robert J. Colville, of the Court of Common Pleas of Allegheny County, Pennsylvania, on

**Friday, August 3, 2018, at 2:00 p.m.**, or as soon thereafter as suits the convenience of the

Court.

                        DICKIE, McCAMEY & CHILCOTE, P.C.


                        By_____
                          Joseph S.D. Christof, II, Esquire


7451226.1

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

TIMOTHY LOWRY and
BEVERLY LOWRY, his wife,

          Plaintiffs,

        v.

TOTER, INC. and WASTEQUIP, LLC,

          Defendants

CIVIL DIVISION

No: G.D. 18 -008172

Type of Pleading:

## MOTION FOR PROTECTIVE ORDER RELATING TO
## INTERROGATORIES IN AID OF PREPARING A COMPLAINT

AND NOW come Defendants, Toter, Inc. and Wastequip, LLC, by and through their attorneys, Dickie, McCamey & Chilcote, P.C., and file this Motion for Protective Order, as follows:

1.    On June 26, 2018 Plaintiffs filed a Praecipe for Writ of Summons in this matter. (Exhibit A, Praecipe for Writ of Summons)

2.    Defendants believe the Writ was served on or about June 28, 2018 with Interrogatories in Aid of Preparing a Complaint. (Exhibit B, Interrogatories in Aid of Preparing a Complaint)

3.    Defendants seek a protective order from responding to this discovery because the information sought to aid in preparing the complaint: (1) is not material and necessary to the filing of the complaint; and (2) will cause unreasonable annoyance, burden or expense.

7451226.1

4.      According to the discovery, the underlying facts connected to this action relate to personal injuries sustained by Plaintiff Timothy Lowry on or about August 17, 2016 while lifting a 64 gallon black Toter Two-Wheeled Cart, also known as a trash can, into a garbage truck utilizing a lift arm when the metal retainer bar on the rear of the trash can separated from the can allegedly causing injuries.  (Exhibit B, Interrogatories in Aid of Preparing a Complaint, Brief Statement of Cause of Action)

5.      For the reasons as set forth more fully below, Plaintiffs' pre-complaint discovery is improper, and Defendants should not be burdened with responding to the same.

6.      Defendants respectfully request that this Honorable Court issue a Protective Order pursuant to Pa.R.C.P. 4012, because Plaintiffs' discovery is improper, premature and unnecessary, and will accordingly create undue burden and expense.

**ARGUMENT**

**A.      Pennsylvania Law on Motions for Protective Order & Pre-Complaint Discovery**

7.      Even if the requested information is relevant, Pa. R.C.P. 4012 nevertheless prohibits discovery that "would cause unreasonable annoyance, embarrassment, oppression, burden or expense to the deponent or any person or party" or "would require the making of an unreasonable investigation by the deponent or any party."  Pa. R.C.P. 4011(b), (e).

8.      Pa. R.C.P. 4012 provides that upon motion and for good cause shown, a court may issue a Protective Order to protect a party from "unreasonable annoyance,

embarrassment, oppression, burden or expense." Pa. R.C.P. 4012(a); *St. Luke's Hosp. of Bethlehem v. Vivian*, 99 A.3d 534, 541 (Pa. Super. 2014).   Rule 4012 allows the court to issue any order which justice requires, including entirely prohibiting or otherwise limiting the discovery in question. Pa. R.C.P. 4012(a)(1), (4)-(5).

9.     The Pennsylvania Rules of Civil Procedure provide for pre-complaint discovery:

> A plaintiff may obtain pre-complaint discovery where the information sought is ***material and necessary*** to the filing of the complaint ***and the discovery will not cause unreasonable annoyance, embarrassment, oppression, burden or expense to any person or party.***

Pa. R.C.P. 4003.8(a) (emphasis added).

10.    However, in order to conduct pre-complaint discovery, a plaintiff should "state with particularity how the discovery will materially advance the preparation of the Complaint" pursuant to Pa. R.C.P. 4003.8 (b).    Even if Plaintiffs could meet this prerequisite, the importance of the discovery does not outweigh the burdens imposed on Defendants to responding to this burdensome, overly broad, and unnecessary discovery. *See* Pa. R.C.P. 4003.8 (b).

11.    While Plaintiffs do not have to show a *prima facie* case in order to obtain pre-complaint discovery, it is incumbent on a plaintiff to show with probable cause that the requested discovery is material and necessary to the filing of a complaint.  *McNeil v. Jordan*, 894 A.2d 1260, 1278 (Pa. 2006).

12.    Under no circumstance should a plaintiff be permitted to embark on a "fishing expedition" by way of pre-complaint discovery. *McNeil,* 894 A.2d at 1278.

13.     The Honorable R. Stanton Wettick, Jr. in the Court of Common Pleas of Allegheny County, Pennsylvania has previously considered pre-complaint discovery and has often found that it is unjustified. Judge Wettick has previously ruled that one of the most obvious reasons for denying pre-complaint discovery is that a defendant should have the opportunity to show that claims raised in a complaint "fail to state a cause of action before responding to discovery involving these claims." *Potts v. Consolidated Rail Corporation*, 37 D.&C. 4th 196, 200 (Allegheny 1998).

14.     As discussed by Judge Wettick, the interests of justice are also furthered by prohibiting pre-complaint discovery because: (1) a party should not be required to engage in discovery until the pleadings containing the averments of fact upon which a plaintiff's claims and a defendant's defenses are based have been filed; (2) until a complaint has been filed that meets the specificity requirements of the Pennsylvania Rules of Civil Procedure, a defendant and court may not be in a position to determine whether the discovery sought involves matters relevant to the pending action; and (3) the rules of discovery should be applied to give defense counsel sufficient time to determine the nature of the action before responding to discovery requests. *Potts*, 37 D.&C. 4th 196, 200-201.

15.     Further, the "material and necessary" test requires a plaintiff to show that the complaint cannot be drafted without such discovery. *Potts*, 37 D.&C. 4th 196, 204.

16.     Plaintiffs cannot show that their proposed discovery is "material and necessary" to the drafting of a complaint for the foregoing reasons, and Defendants request that the discovery be prohibited.

**B.    Plaintiffs' Pre-Complaint Discovery is unnecessary and not material.**

17.    In their Brief Statement of Cause of Action, Plaintiffs identify a 64 gallon Toter trash can to be at issue, and allege a retainer bar separated from the can causing injury.  Plaintiffs also provide the date of the incident of which they complain and under what circumstances the alleged incident occurred.  (Exhibit B, Interrogatories in Aid of Preparing a Complaint, Brief Statement of Cause of Action)   Plaintiffs do not need additional discovery to draft a complaint.  In fact, Plaintiffs have not provided any stated purpose for the requested pre-complaint discovery.  There is simply no purpose for pre-complaint discovery in this instance and such discovery is completely unnecessary.

18.    Notwithstanding there is no stated purpose for the pre-complaint discovery and therefore no justifiable reason to permit it, Plaintiffs requested discovery also seeks information not material to the apparent claims.

19.    Plaintiffs discovery seeks information pertaining to all times, without limitation, when 64 gallon trash cans were designed, manufactured, sold, distributed and placed into the stream of commerce, as well as requesting information about other entities not parties to the action over which Defendants could have no control or relationship.  The interrogatories seek information that has no relevance to the Plaintiffs' apparent claims – an alleged problem with a garbage can utilized during Mr. Lowry's employment on August 17, 2016.

20.    Even if portions of the interrogatories could be relevant, on their face the interrogatories are grossly overly broad and unduly burdensome, in some instances

requesting information about other entities not parties to the action over which Defendants could have no control or relationship.

21.     Further, the requests are not limited to any reasonable time frame and in some instances request information spanning over many years.

22.     It is clear that Plaintiffs have attempted to embark on a "fishing expedition" by way of the pre-complaint discovery, and this improper discovery tactic should be entirely prohibited.

23.     Because responding to Plaintiffs' pre-complaint discovery directed to Defendants would be oppressive and burdensome, a Protective Order is necessary to protect Defendants from annoyance, oppression, and undue burden and expense.

WHEREFORE, Toter, Inc. and Wastequip, LLC respectfully request that this Honorable Court issue a Protective Order pursuant to Pennsylvania Rule of Civil Procedure 4012, prohibiting the interrogatories served on them and quashing Plaintiffs' pre-complaint discovery.

DICKIE, McCAMEY & CHILCOTE, P.C.

By _____
      Joseph S.D. Christof, II, Esquire
      Brett W. Farrar, Esquire
Two PPG Place, Suite 400
Pittsburgh, PA  15222
(412) 281-7272

Attorneys for Defendants,
Toter, Inc. and Wastequip, LLC

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | |
|---|---|
| TIMOTHY LOWRY and<br>BEVERLY LOWRY, his wife, | CIVIL DIVISION |
| Plaintiffs, | No: GD-18- 8172 |
| v. | Type of Pleading:<br>**PRAECIPE FOR WRIT**<br>**OF SUMMONS** |
| TOTER, INC. and WASTEQUIP, LLC | |
| Defendants. | |

Filed on behalf of:
Timothy Lowry and
Beverly Lowry, his wife,
Plaintiffs

Counsel of Record for this Party:
Carl R. Schiffman, Esq.
Pa.I.D. # 23626

SCHIFFMAN FIRM, LLC
1300 Fifth Avenue
Pittsburgh, PA  15219

Ph: 412/288-9444
Fx: 412/288-9455

carl@schiffmanfirm.com

2018 JUN 26 AM 10: 11

OPS$ASHLEY01
06-26-2018         10:12:20
GD-18-008172

DEFENDANT'S
EXHIBIT
A
ALL-STATE LEGAL

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

TIMOTHY LOWRY and                              :        CIVIL DIVISION
BEVERLY LOWRY, his wife,                        :
                                                :        No:
                        Plaintiffs,             :
                                                :
        v.                                      :
                                                :
TOTER, INC. and WASTEQUIP, LLC                  :
                                                :
                        Defendants.             :

### PRAECIPE FOR WRIT OF SUMMONS

TO:  Prothonotary

        Please issue a Writ of Summons for the above captioned Defendants.

                                        Respectfully submitted,

                                        SCHIFFMAN FIRM, LLC


                                        Carl R. Schiffman, Esq.
                                        Counsel for Plaintiffs

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Submitted by: Plaintiff

Signature: _____

Name: Carl R. Schiffman

Attorney No. (if applicable): 23626

Rev. 12/2017

**Supreme Court of Pennsylvania**
**Court of Common Pleas**
**Civil Cover Sheet**

_Allegheny_ County

| For Prothonotary Use Only: | |
|---|---|
| Docket No: | TIME STAMP |

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

**SECTION A**

**Commencement of Action:**
- ☐ Complaint
- ☒ Writ of Summons
- ☐ Petition
- ☐ Transfer from Another Jurisdiction
- ☐ Declaration of Taking

| Lead Plaintiff's Name: | Lead Defendant's Name: |
|---|---|
| Timothy Lowry and Beverly Lowry, his wife | Toter, Inc. and Wastequip, LLC |

| Are money damages requested? ☒ Yes ☐ No | Dollar Amount Requested: (check one) ☐ within arbitration limits ☒ outside arbitration limits |
|---|---|

| Is this a *Class Action Suit?* ☐ Yes ☒ No | Is this an *MDJ Appeal?* ☐ Yes ☒ No |
|---|---|

Name of Plaintiff/Appellant's Attorney: Carl R. Schiffman, Esq.

☐ Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)

**SECTION B**

**Nature of the Case:** Place an "X" to the left of the **ONE** case category that most accurately describes your **PRIMARY CASE.** If you are making more than one type of claim, check the one that you consider most important.

**TORT** (do not include Mass Tort)
- ☐ Intentional
- ☐ Malicious Prosecution
- ☐ Motor Vehicle
- ☐ Nuisance
- ☐ Premises Liability
- ☒ Product Liability (does not include mass tort)
- ☐ Slander/Libel/ Defamation
- ☐ Other:
_____

**MASS TORT**
- ☐ Asbestos
- ☐ Tobacco
- ☐ Toxic Tort - DES
- ☐ Toxic Tort - Implant
- ☐ Toxic Waste
- ☐ Other:
_____

**PROFESSIONAL LIABLITY**
- ☐ Dental
- ☐ Legal
- ☐ Medical
- ☐ Other Professional:
_____

**CONTRACT** (do not include Judgments)
- ☐ Buyer Plaintiff
- ☐ Debt Collection: Credit Card
- ☐ Debt Collection: Other

- ☐ Employment Dispute: Discrimination
- ☐ Employment Dispute: Other

- ☐ Other:
_____

**REAL PROPERTY**
- ☐ Ejectment
- ☐ Eminent Domain/Condemnation
- ☐ Ground Rent
- ☐ Landlord/Tenant Dispute
- ☐ Mortgage Foreclosure: Residential
- ☐ Mortgage Foreclosure: Commercial
- ☐ Partition
- ☐ Quiet Title
- ☐ Other:
_____

**CIVIL APPEALS**
Administrative Agencies
- ☐ Board of Assessment
- ☐ Board of Elections
- ☐ Dept. of Transportation
- ☐ Statutory Appeal: Other
_____
_____
- ☐ Zoning Board
- ☐ Other:
_____

**MISCELLANEOUS**
- ☐ Common Law/Statutory Arbitration
- ☐ Declaratory Judgment
- ☐ Mandamus
- ☐ Non-Domestic Relations Restraining Order
- ☐ Quo Warranto
- ☐ Replevin
- ☐ Other:
_____

*Updated 1/1/2011*

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

TIMOTHY LOWRY and           :          CIVIL DIVISION
BEVERLY LOWRY, his wife,       :

                      :          No:
               Plaintiffs,     :

                      :
           v.            :          Type of Pleading:
                      :          **INTERROGATORIES IN AID**
TOTER, INC. and WASTEQUIP, LLC  :          **OF PREPARING A COMPLAINT**

               Defendants.    :

                      :
                      :          Filed on behalf of:
                      :          Timothy Lowry and
                      :          Beverly Lowry, his wife,
                      :          Plaintiffs

                      :
                      :          Counsel of Record for this Party:
                      :          Carl R. Schiffman, Esq.
                      :          Pa I.D. # 23626
                      :
                      :          SCHIFFMAN FIRM, LLC
                      :          1300 Fifth Avenue
                      :          Pittsburgh, PA  15219
                      :
                      :          Ph:  412/288-9444
                      :          Fx:  412/288-9455
                      :
                      :          carl@schiffmanfirm.com



DEFENDANT'S
EXHIBIT
B

IN THE COURT OF COMMON PLEAS OF WESTMORELAND COUNTY,
PENNSYLVANIA

| | | |
|---|---|---|
| TIMOTHY LOWRY and | : | CIVIL DIVISION |
| BEVERLY LOWRY, his wife, | : | |
| | : | No: |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| TOTER, INC. and WASTEQUIP, LLC | : | |
| | : | |
| Defendants. | : | |

Pursuant to the applicable Rules of Court, you are required to make full and complete Answers to the questions set forth in the following pages. These Answers must be made in writing, under oath, within thirty (30) days after service upon you.

You are warned that, should you fail to do so, the Court may make an Order imposing punishment for Contempt of Court.

Please, if you do not understand your duty to Answer these questions, you should consult a lawyer. If you do not have or know a lawyer, then you should go to or telephone the office set forth below to find out where you can get legal help.

The Allegheny County Bar Association,
400 Koppers Building
436 Seventh Avenue, 3rd Floor
Pittsburgh, PA 15219
TELEPHONE: 412/261-5555

## DEFINITIONS AND INSTRUCTIONS

Unless negated by the context of the interrogatory, the following definitions are to be considered to be applicable to all interrogatories contained herein:

A.    Whenever the expression "and/or" is used in these interrogatories, the information called for should be set out both in the conjunctive, and disjunctive, and wherever the information is set out in the disjunctive, it should be given separately for each and every element sought.

B.    No answer is to be left blank.  If the answer to an interrogatory or subparagraph of an interrogatory is "none" or "unknown", such statement must be written in the answer.  If the question is inapplicable, "N/A" must be written in the answer.  If an answer is omitted because of the claim of privilege, the basis of privilege is to be stated.

C.    "Identify" means: to state the full name and present or last known business address.

D.    These interrogatories are continuing, and any information secured subsequent to the filling of your answers which would have been included in the answers had it been known or available, are to be supplied by supplemental answers.

## INTERROGATORIES IN AID OF PREPARING A COMPLAINT

NOW COME Plaintiffs, Timothy Lowry and Beverly Lowry, his wife, by and through their counsel Schiffman Firm, LLC, and Carl R. Schiffman, Esquire, and sets forth the following Interrogatories in Aid of Preparing a Complaint:

## BRIEF STATEMENT OF CAUSE OF ACTION

On or about August 17, 2016, Timothy Lowry was lifting a 64 gallon black Toter Two-Wheeled Cart also known as trash can into a garbage truck utilizing a lift arm when the metal retainer bar on the rear of the trash can suddenly separated from the can causing Timothy Lowry to sustain serious injuries.

## INTERROGATORIES

1.      Please state the inclusive dates during which Defendant designed 64 Gallon Toter Two-Wheeled Carts also known as and hereinafter referred to as trash cans and, if Defendant no longer does so, when did it cease designing 64 Gallon Toter trash cans?

ANSWER:

2.      If Defendant does not or did not design 64 gallon Toter trash cans, kindly identify the entities that did so and the years each entity did so.

ANSWER:

3.      Please state the inclusive dates during which Defendant manufactured or assembled 64 Gallon Toter trash cans and, if Defendant no longer does so, when did it cease manufacturing or assembling 64 Gallon Toter trash cans?

ANSWER:

4.      If Defendant does not or did not design 64 gallon Toter trash cans, kindly identify the entities that did so and the years each entity did so.

ANSWER:

5.      Please state the inclusive dates during which Defendant sold, distributed, and/or placed into the stream of commerce 64 Gallon Toter trash cans.

ANSWER:

6.      If Defendant does not or did not sell, distribute, and/or place into the stream of commerce 64 gallon Toter trash cans, kindly identify the entities that did so and the years each entity did so.

ANSWER:

RESPECTFULLY SUBMITTED,
SCHIFFMAN FIRM, LLC

Carl R. Schiffman, Esq.
Counsel for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Motion for Protective Order Relating to Interrogatories in Aid of Preparing a Complaint has been served this 24th day of July, 2018, by U.S. first-class mail, postage pre-paid, to counsel of record listed below:

> Carl R. Schiffman, Esquire
> Schiffman Firm, LLC
> 1300 Fifth Avenue
> Pittsburgh, PA 15219

> DICKIE, McCAMEY & CHILCOTE, P.C.

> By _____
> Joseph S.D. Christof, II, Esquire
> Brett W. Farrar, Esquire
> Attorneys for Defendants,
> Toter, Inc. and Wastequip, LLC

7451226.1

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

TIMOTHY LOWRY and
BEVERLY LOWRY, his wife,

               Plaintiffs,

     v.

TOTER, INC. and WASTEQUIP, LLC,

               Defendants

CIVIL DIVISION

No: G.D. 18 -008172

Type of Pleading:

## ORDER OF COURT

AND NOW, this ___ day of _____, 2018, upon consideration of Toter, Inc. and Wastequip, LLC's Motion for Protective Order Relating to Interrogatories and Requests for Production In Aid of Preparing Complaint, it is hereby ORDERED that said Motion is GRANTED.  Plaintiffs' Interrogatories In Aid of Preparing a Complaint are hereby QUASHED.

BY THE COURT

_____ J

**CERTIFICATE OF COMPLIANCE**

I certify that this filing complies with the provisions of the *Case Records Public Access Policy of the Unified Judicial System of Pennsylvania* that require filing confidential information and documents differently than non-confidential information and documents.

Submitted by: <u>Joseph S. D. Christof, II</u>

Signature: _____

Name: <u>Joseph S. D. Christof, II</u>

Attorney No.: _____<u>19699</u>_____

7460810.1

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | |
|---|---|
| **TIMOTHY LOWRY and BEVERLY LOWRY,**<br>**his wife,** | CIVIL DIVISION |
| | No. G.D. 18-008172 |
| Plaintiffs, | **PRAECIPE FOR RULE TO FILE COMPLAINT** |
| v. | Filed on behalf of Defendants,<br>Toter, Inc. and Wastequip, LLC. |
| **TOTER, INC. and WASTEQUIP, LLC.,** | Counsel of record for this party: |
| Defendants. | Joseph S.D. Christof, II, Esquire<br>PA ID No. 19699<br>jchristof@dmclaw.com |

Brett W. Farrar, Esquire
PA ID No. 79217
bfarrar@dmclaw.com

Paul A. Roman, Jr., Esquire
PA I.D. No. 318855
proman@dmclaw.com

Dickie, McCamey & Chilcote, P.C.
Firm # 067

Two PPG Place, Suite 400
Pittsburgh, PA 15222-5402
(412) 392-5240

Jury Trial Demanded

18 SEP 17 PM 3:16

OPS$PETER01
09-17-2018    03:16:22
**GD-18-008172**

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

**TIMOTHY LOWRY and BEVERLY LOWRY,**
**his wife,**

                Plaintiffs,

        v.

**TOTER, INC. and WASTEQUIP, LLC.,**

            Defendants.

CIVIL DIVISION

No. G.D. 18-008172

## PRAECIPE FOR RULE TO FILE COMPLAINT

TO:    DIRECTOR OF COURT RECORDS

        Please issue a Rule to File a Complaint on the Plaintiffs in the above-captioned matter.

## JURY TRIAL DEMANDED

                      Respectfully submitted,

                      DICKIE, McCAMEY & CHILCOTE, P.C.

                      By: _____
                      Joseph S. D. Christof, II
                      PA I.D.# 19699

                      Two PPG Place
                      Pittsburgh, PA 15222-5402
                      (412) 392-5240

                      *Counsel for Defendants, Toter, Inc. and*
                      *Wastequip, LLC.*

2

## CERTIFICATE OF SERVICE

I, Joseph S. D. Christof, II, Esquire, hereby certify that true and correct copies of the foregoing PRAECIPE FOR RULE TO FILE COMPLAINT have been served this 17th day of September, 2018, via U.S. Postal Service.

Carl R. Schiffman, Esquire
Schiffman Firm, LLC
1300 Fifth Avenue
Pittsburgh, PA 15219
*Counsel for Plaintiffs*

DICKIE, McCAMEY & CHILCOTE, P.C.

By _____
Joseph S. D. Christof, II, Esquire

Attorneys for Defendants, Toter, Inc. and Wastequip, LLC.

## CERTIFICATE OF COMPLIANCE

I hereby certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Submitted by: Joseph S. D. Christof, II

Signature: _____

Name: Joseph S. D. Christof, II

Attorney No. : 19699

7656590.1

# Supreme Court of Pennsylvania
## Court of Common Pleas
## Civil Cover Sheet
### ALLEGHENY _____ County

| For Prothonotary Use Only: |
|---|
| Docket No: |

*The information collected on this form is used solely for court administration purposes.  This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

**SECTION A**

**Commencement of Action:**
- [x] Complaint
- [ ] Writ of Summons
- [ ] Petition
- [ ] Transfer from Another Jurisdiction
- [ ] Declaration of Taking

| Lead Plaintiff's Name: Timothy Lowry | Lead Defendant's Name: Toter, Inc. and Wastequip, LLC |
|---|---|

| Are money damages requested? [x] Yes [ ] No | Dollar Amount Requested: (check one) | [ ] within arbitration limits [x] outside arbitration limits |
|---|---|---|

| Is this a *Class Action Suit*? [ ] Yes [x] No | Is this an *MDJ Appeal*? [ ] Yes [x] No |
|---|---|

Name of Plaintiff/Appellant's Attorney:  Carl R. Schiffman

- [ ] **Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)**

**Nature of the Case:**  Place an "X" to the left of the **ONE** case category that most accurately describes your *PRIMARY CASE.*  If you are making more than one type of claim, check the one that you consider most important.

**SECTION B**

**TORT** *(do not include Mass Tort)*
- [ ] Intentional
- [ ] Malicious Prosecution
- [ ] Motor Vehicle
- [ ] Nuisance
- [ ] Premises Liability
- [x] Product Liability *(does not include mass tort)*
- [ ] Slander/Libel/ Defamation
- [ ] Other: _____

**MASS TORT**
- [ ] Asbestos
- [ ] Tobacco
- [ ] Toxic Tort - DES
- [ ] Toxic Tort - Implant
- [ ] Toxic Waste
- [ ] Other: _____

**PROFESSIONAL LIABLITY**
- [ ] Dental
- [ ] Legal
- [ ] Medical
- [ ] Other Professional: _____

**CONTRACT** *(do not include Judgments)*
- [ ] Buyer Plaintiff
- [ ] Debt Collection: Credit Card
- [ ] Debt Collection: Other

- [ ] Employment Dispute: Discrimination
- [ ] Employment Dispute: Other

- [ ] Other: _____

**REAL PROPERTY**
- [ ] Ejectment
- [ ] Eminent Domain/Condemnation
- [ ] Ground Rent
- [ ] Landlord/Tenant Dispute
- [ ] Mortgage Foreclosure: Residential
- [ ] Mortgage Foreclosure: Commercial
- [ ] Partition
- [ ] Quiet Title
- [ ] Other: _____

**CIVIL APPEALS**
Administrative Agencies
- [ ] Board of Assessment
- [ ] Board of Elections
- [ ] Dept. of Transportation
- [ ] Statutory Appeal: Other

- [ ] Zoning Board
- [ ] Other: _____

**MISCELLANEOUS**
- [ ] Common Law/Statutory Arbitration
- [ ] Declaratory Judgment
- [ ] Mandamus
- [ ] Non-Domestic Relations Restraining Order
- [ ] Quo Warranto
- [ ] Replevin
- [ ] Other: _____

*Updated 1/1/2011*

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| TIMOTHY LOWRY and | : | CIVIL DIVISION |
| BEVERLY LOWRY, his wife, | : | No: GD 18-008172 |
|           Plaintiffs, | : | |
| | : | |
|     v. | : | Type of Pleading: |
| | : | **COMPLAINT** |
| TOTER, INC. and WASTEQUIP, LLC | : | |
| | : | |
|        Defendants. | : | |
| | : | |
| | : | Filed on behalf of: |
| | : | Timothy Lowry and |
| | : | Beverly Lowry, his wife, |
| | : | Plaintiffs |
| | : | |
| | : | Counsel of Record for this Party: |
| | : | Carl R. Schiffman, Esq. |
| | : | Pa I.D. # 23626 |
| | : | |
| | : | SCHIFFMAN FIRM, LLC |
| | : | 1300 Fifth Avenue |
| | : | Pittsburgh, PA  15219 |
| | : | |
| | : | Ph:  412/288-9444 |
| | : | Fx:  412/288-9455 |
| | : | |
| | : | carl@schiffmanfirm.com |

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| TIMOTHY LOWRY and | : | CIVIL DIVISION |
| BEVERLY LOWRY, his wife, | : | No: GD 18-008172 |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| TOTER, INC. and WASTEQUIP, LLC | : | |
| | : | |
| Defendants. | : | |

## **NOTICE TO DEFEND**

YOU HAVE BEEN SUED IN COURT.  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served by entering a written appearance personally or by attorney and filing in writing with the Court your defenses or objections to the claims set forth against you.  You are warned that if you fail to do so, the case may proceed without further notice for any money claimed in the Complaint or for any other claim or relief requested by the Plaintiff.  You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR PHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

Lawyer Referral Service
Allegheny County Bar Association
400 Koppers Building
436 7th Avenue, 3rd Floor
Pittsburgh, PA  15219
(412) 261-5555

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| TIMOTHY LOWRY and | : | CIVIL DIVISION |
| BEVERLY LOWRY, his wife, | : | No: GD 18-008172 |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| TOTER, INC. and WASTEQUIP, LLC | : | |
| | : | |
| Defendants. | : | |

**COMPLAINT**

AND NOW, come the Plaintiffs Timothy Lowry and Beverly Lowry, his wife, by and through their counsel, Schiffman Firm, LLC and Carl R. Schiffman, Esquire and files the within Complaint and in support thereof avers the following:

1.      Plaintiff Timothy Lowry is an adult individual and a citizen of the Commonwealth of Pennsylvania and County of Allegheny residing at 416 South 8th Street, Connellsville, Pennsylvania 15425.

2.      Plaintiff Beverly Lowry is an adult individual and a citizen of the Commonwealth of Pennsylvania and County of Allegheny who at all relevant times was the wife of Plaintiff Timothy Lowry and resided with him as such at 416 South 8th Street, Connellsville, Pennsylvania 15425.

3.      Defendant Toter, Inc. is a corporate entity and citizen of the state of Maryland with its principal place of business located at 841 Meacham Road, Statesville, North Carolina 28677 which at all times relevant hereto distributed and/or placed its products into the stream of

commerce in the Commonwealth of Pennsylvania and traded and did business in the Commonwealth of Pennsylvania and County of Allegheny.

4.      Defendant Wastequip, LLC is a corporate entity and citizen of the state of Maryland with its principal place of business located at 6525 Morrison Blvd., Suite 300, Charlotte, North Carolina 28211 which at all times relevant hereto distributed and/or placed its products into the stream of commerce in the Commonwealth of Pennsylvania and traded and did business in the Commonwealth of Pennsylvania and County of Allegheny.

5.      On or about August 17, 2016, Timothy Lowry was servicing a 64 gallon black Toter Two-Wheeled Cart hereinafter referred to as "trash can" into a garbage truck utilizing a lift arm when the metal bar on the rear of the trash can suddenly separated from the can causing Timothy Lowry to sustain serious injuries.

## COUNT I

### Timothy Lowry v. Toter, Inc.

6.      Plaintiffs hereby incorporate by reference paragraphs 1 through 5 of this Complaint as though the same were more fully set forth at length herein.

7.      At all times relevant to this action, Defendant was engaged in the business of designing, manufacturing, selling and/or supplying trash cans and was a seller as defined by the relevant portions of the Restatement (Second) of Torts.

8.      The trash can was expected to and did reach this Plaintiff without substantial change in the condition in which it was manufactured for sale.

9. The Defendant breached the duties owed to Plaintiffs as mandated by selling the trash can in a defective condition.

10. The trash can was defective in that it could and did malfunction and/or fail under normal use.

11. The trash can was defective because it did not meet the reasonable expectations of an ordinary consumer.

12. The trash can was defective because the risk posed by its design and manufacture greatly exceeded the utility, if any, of its design.

13. The trash can was further defective in that it failed to be properly labeled and/or have proper warnings.

14. As the direct, legal and proximate result of the breach of the mandates of strict product liability law, this Plaintiff has sustained the following injuries and damages:

       a.    Comminuted, displaced nasal bone fractures;

       b.    Fracture of nasal septum;

       c.    Nasal deformity;

       d.    Head trauma;

       e.    Lacerations;

       f.    Necessity of medical treatment including hospitalization and surgery;

       g.    Pain and suffering;

       h.    Disfigurement;

       i.    Mental anguish and embarrassment;

       j.    Incurring of medical bills and/or liens;

k.    Inability to enjoy the ordinary pleasures of life and perform normal daily activities;

l.    Other injuries and damages.

WHEREFORE, Plaintiff Timothy Lowry hereby demands judgment in his favor and against Defendant Toter, Inc. for an amount in excess of applicable Arbitration Limits exclusive of interest and costs.

## COUNT II

### Timothy Lowry v. Toter, Inc.

15.    Plaintiffs hereby incorporate by reference the averments contained in paragraph 1 through 14 of this Complaint as though the same were more fully set forth at length herein.

16.    This Defendant was negligent in the following particulars:

a.    In designing and/or manufacturing and/or selling a trash can manufactured from inadequate materials to perform the task for which it was to be used;

b.    In failing to assure that the trash can it manufactured and/or sold utilized a proper design;

c.    In failing to assure that the trash can it manufactured and/or sold utilized proper materials;

d.    In failing to warn of the dangers of the trash can;

e.    In failing to provide all accouterments and features necessary to render the trash can safe for use; and,

f.    In failing to assure that the trash can was appropriate for its intended uses.

17.    As the direct, legal and proximate result of the negligence of this Defendant as aforesaid, Plaintiff sustained the injuries and damages previously set forth.

WHEREFORE, Plaintiff Timothy Lowry hereby demands judgment in his favor and against Defendant Toter, Inc. for an amount in excess of applicable Arbitration Limits exclusive of interest and costs.

## COUNT III

### Timothy Lowry v. Wastequip, LLC

18.     Plaintiffs hereby incorporate by reference paragraphs 1 through 17 of this Complaint as though the same were more fully set forth at length herein.

19.     At all times relevant to this action, this Defendant was engaged in the business of designing, manufacturing, selling and/or supplying trash cans and was a seller as defined by the relevant portions of the Restatement (Second) of Torts.

20.     The trash can was expected to and did reach this Plaintiff without substantial change in the condition in which it was manufactured for sale.

21.     The Defendant breached the duties owed to Plaintiffs as mandated by selling the trash can in a defective condition as previously set forth.

22.     As the direct, legal and proximate result of the breach of the mandates of strict product liability law as aforesaid, this Plaintiff has sustained the injuries and damages previously set forth.

WHEREFORE, Plaintiff Timothy Lowry hereby demands judgment in his favor and against Defendant Wastequip, LLC for an amount in excess of applicable Arbitration Limits exclusive of interest and costs.

## COUNT IV

### Timothy Lowry v. Wastequip, LLC

23.     Plaintiffs hereby incorporate by reference the averments contained in paragraph 1

through 22 of this Complaint as though the same were more fully set forth at length herein.

24.     This Defendant was negligent in the following particulars:

    a.    In designing and/or manufacturing and/or selling a trash can manufactured from inadequate materials to perform the task for which it was to be used;

    b.    In failing to assure that the trash can it manufactured and/or sold utilized a proper design;

    c.    In failing to assure that the trash can it manufactured and/or sold utilized proper materials;

    d.    In failing to warn of the dangers of the trash can;

    e.    In failing to provide all accouterments and features necessary to render the trash can safe for use; and,

    f.    In failing to assure that the trash can was appropriate for its intended uses.

25.     As the direct, legal and proximate result of the negligence of this Defendant as

aforesaid, Plaintiff sustained the injuries and damages previously set forth.

WHEREFORE, Plaintiff Timothy Lowry hereby demands judgment in his favor and

against Defendant Wastequip. LLC for an amount in excess of applicable Arbitration Limits

exclusive of interest and costs.

## COUNT V

### Beverly Lowry v. Toter, Inc.

26.     Plaintiffs hereby incorporate by reference paragraphs 1 through 25 of this

Complaint as though the same were more fully set forth at length herein.

27.     As the direct, legal and proximate result of the breach of the mandates of strict product liability law by this Defendant and the negligence of this Defendant, as aforesaid, this Plaintiff sustained the loss of the society, assistance, and consortium of her husband, Plaintiff Timothy Lowery.

WHEREFORE, Plaintiff Beverly Lowry hereby demands judgment in her favor and against Defendant Toter, Inc. for an amount in excess of applicable Arbitration Limits exclusive of interest and costs.

## COUNT VI

### Beverly Lowry v.  Wastequip, LLC

28.     Plaintiffs hereby incorporate by reference paragraphs 1 through 27 of this Complaint as though the same were more fully set forth at length herein.

29.     As the direct, legal and proximate result of the breach of the mandates of strict product liability law by this Defendant and the negligence of this Defendant, as aforesaid, this Plaintiff sustained the damages previously set forth.

WHEREFORE, Plaintiff Beverly Lowry hereby demands judgment in her favor and against Defendant Wastequip, LLC for an amount in excess of applicable Arbitration Limits exclusive of interest and costs.

Respectfully submitted,

SCHIFFMAN FIRM, LLC

Carl R. Schiffman, Esq.
Counsel for Plaintiffs

## *VERIFICATION*

The undersigned, Timothy Lowry and Beverly Lowry, his wife, named herein, and being authorized to make this Verification for and on their behalf, having read the foregoing **COMPLAINT** verify that the averments are based on information furnished to counsel, which information has been gathered by counsel in the course of this lawsuit. The language is that of counsel and not of signers. Signers verify that they have read the foregoing, and that it is true and correct to the best of signers' knowledge, information and belief. To the extent that the contents of the foregoing document are that of counsel, verifiers have relied upon counsel in making this verification. This verification is made subject to the penalties of 18 PA C.S.A. § 4904, relating to unsworn falsification to authorities.

Date Jun 7, 2019

Timothy Lowry

Date: Jan 7, 2019

Beverly Lowry

<u>CERTIFICATE OF COMPLIANCE</u>

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Submitted by. **Plaintiff**

Signature: _____

Name: **Carl R. Schiffman**

Attorney No. (if applicable): **23626**

Rev. 12 2017